## CHESAPEAKE & O. RY. CO. v. COWLEY.

(Circuit Court of Appeals, Fourth Circuit. November 7, 1908.)

### No. 802.

1. MASTER AND SERVANT (§§ 113, 217*) — INJURIES TO SERVANT — DANGEROUS STRUCTURES—ASSUMED RISKS.

The building and maintenance by a railroad company of a structure so near its track that it is likely to strike a brakeman riding on top of a passing car in the course of his duty is negligence per se, and a trainman does not assume the risk of injury from such structure merely because he knows of its existence and general location.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 224-227, 574-600; Dec. Dig. §§ 113, 217.*]

2. MASTER AND SERVANT (§ 265*) — ACTION FOR INJURY TO SERVANT—CAUSE OF INJURY—SUFFICIENCY OF EVIDENCE.

Where a railroad company maintained a water spout attached to a tank which hung so low over passing cars as not to clear a person standing thereon, evidence that a brakeman, after being on a car passing such tank, was found lying by the track injured, is sufficient to justify a finding that he was injured by such spout.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877-908; Dec. Dig. § 265.*]

In Error to the Circuit Court of the United States for the Southern District of West Virginia, at Huntington.

Herbert Fitzpatrick and F. B. Enslow (Simms, Enslow, Fitzpatrick & Baker, on the brief), for plaintiff in error.

E. L. Nuckolls (C. W. Dillon, on the brief), for defendant in error.

Before PRITCHARD, Circuit Judge, and BOYD and DAYTON, District Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. The facts in this case vary in no material particular from those involved in the case of Choctaw, O. & G. R. Co. v. McDade, 112 Fed. 888, 50 C. C. A. 591, which subsequently was affirmed by the Supreme Court, after elaborate argument and careful consideration, without dissenting voice, 191 U. S. 64, 24 Sup. Ct. 24, 48 L. Ed. 96.

The legal principles involved have also been substantially considered by this court in the recent case of Norfolk & W. Ry. Co. v. Beckett, 163 Fed. 479 (advance sheets), where the facts also were very similar. In the McDade Case it was held that the maintenance of a water spout attached to a water tank constructed so near to the track as to allow such pipe to hang so low over passing cars as not to clear a brakeman on the top thereof was negligence per se, and that evidence showing that the brakeman, after being on top of a car passing such tank, was found lying by the track injured, was sufficient to justify a jury in finding that he had been struck by the spout so negligently maintained. In the Beckett Case the same principle is enunciated as to a stand pipe, so constructed, and, further, that servants of the company do not assume the risk from such structure merely because they know of its existence and general location. These principles are made fully applicable by the facts in this case.

We have carefully considered the assignments of error relating to the admission of testimony objected to, the giving of instructions excepted to, and the refusal to give others asked for, and find the same to be without merit. The judgment of the court below is therefore affirmed.

Affirmed.